IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CARA CAMILLE YOUNG,**

    Plaintiff,

v.                                                               CIVIL ACTION NO. 2:16-CV-112
                                                                           (BAILEY)

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 18]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on August 25, 2017, wherein he recommends that the plaintiff's Motion for Summary Judgment [Doc. 10] be denied, that the defendant's Motion for Summary Judgment [Doc. 14] be granted, that the decision of the Commissioner be affirmed, and that this case be dismissed with prejudice [Doc. 18]. On September 5, 2017, the plaintiff timely filed objections to the R&R [Doc. 19]. For the reasons set forth below, this Court adopts Magistrate Judge Trumble's R&R.

**I.**     **BACKGROUND**

On October 22, 2013, the plaintiff filed a Title II application for a Period of Disability and Disability Insurance Benefits ("DIB") [Doc. 7-2 at 20]. In the application, the claimant alleged disability beginning January 1, 2013. (Id.). The claim was initially denied on

1

February 20, 2014, and upon reconsideration on March 24, 2014. (Id.). The plaintiff then filed a written request for hearing, and later appeared and testified at a hearing on October 22, 2015, before Administrative Law Judge ("ALJ") Karen B. Kostol. (Id. at 33). On November 9, 2015, the ALJ entered a decision finding that the plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Id.).

After careful consideration of the entire record, and in accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date. (20 C.F.R. §§ 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: osteoarthritis of the left knee and hip; mild degenerative joint disease of the left hip; tendinitis of the left rotator cuff; headaches; mild pulmonary restrictive disease; obesity; hypertensive cardiovascular disease; and obstructive sleep apnea. (20 C.F.R. § 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).
>
> 5. After careful consideration of the entire record, the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) (i.e. is able to occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; and stand and/or walk, with normal breaks, for a total of about 6 hours in an 8-hour workday), except the claimant can never climb ladders, ropes or scaffolds; can only occasionally balance and crawl; can frequently climb ramps or stairs, stoop, crouch, and kneel; must avoid concentrated exposure to extreme cold, extreme heat, excessive noise, and irritants (such as fumes, odors, dust, and gases), must avoid all exposure to hazards (such as unprotected heights and dangerous moving machinery); can only occasionally reach overhead, laterally, and behind with the left upper extremity; is limited to simple, routine, and repetitive tasks in a low stress job, defined as having only occasional changes in the work setting, and no strict production quotas, and is limited to occasional interaction with the general public, co-workers, and supervisors.
>
> 6. The claimant has no past relevant work. (20 C.F.R. § 404.1565).

7. The claimant was born on September 28, 1959 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English. (20 C.F.R. § 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work. (20 C.F.R. § 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of the ALJ's decision. (20 C.F.R. § 404.1520(g)).

[Doc. 7-2 at 21-31].

On November 29, 2016, the Appeals Council denied the plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security [Doc. 7-2 at 2]. On December 28, 2016, the plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security for denying the plaintiff's application [Doc. 1]. The R&R recommends affirming the decision of the ALJ because that decision was supported by substantial evidence [Doc. 18 at 45].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed timely

objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. See **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Sec'y of Labor v. Mutual Mining, Inc.**, 80 F.3d 110, 113 (4th Cir. 1996) (quoting **Consolo v. Fed. Mar. Comm'n**, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. **Meyer v. Astrue**, 662 F.3d 700, 704 (4th Cir. 2011) (citing **Craig v. Chater**, 76 F.3d 585, 589 (4th Cir. 1996)).

## III.  DISCUSSION

In response to the magistrate judge's R&R, the plaintiff asserts three main objections. First, the plaintiff claims that the Magistrate Judge[1] found no error with the ALJ's position, which plaintiff asserts is based on the application of incorrect legal

---

[1] This Court notes that plaintiff's counsel uses the title "Magistrate" throughout plaintiff's objections. This Court feels compelled to distinguish a "magistrate" from a "United States Magistrate Judge." A United States Magistrate Judge, such as Magistrate Judge Trumble, is required to have a law degree, is appointed by Federal judges, and is governed by the United States Code. See 28 U.S.C. § 631 *et seq.* A West Virginia County "magistrate," on the other hand, is an elected official who works under the supervision of the Supreme Court of Appeals of West Virginia, and is not required to be a lawyer.

standards and failure to explain how evidence supported her RFC formulation [Doc. 19 at 1]. Second, plaintiff claims the magistrate judge highlighted tasks for which plaintiff asserts she will be off task while performing. (Id. at 5). Finally, plaintiff argues that because the record shows an "apparent conflict" between the ALJ's use of the word "concentrated" and the DOT definition of how much time a hospital food service worker is exposed to extreme heat, then the ALJ's position is not based on substantial evidence. (Id. at 6).

### A. ALJ's Application of Legal Standards

The plaintiff asserts that the ALJ's position is based on the application of incorrect legal standards and failure to explain how evidence supported her RFC formulation. The plaintiff objects that the R&R indicates that plaintiff was not required to show "debilitating functional limitations." Plaintiff asserts that on at least nine (9) occasions, the ALJ compared Young's statements against "debilitating functional limitations" or similar phrases.

Plaintiff first argues that the magistrate judge's position allows the ALJ to rely on an incorrect legal standard in assessing Young's credibility. Specifically, plaintiff takes issue with the following language in the R&R:

> First, plaintiff was not required to show that she suffered from a "debilitating functional limitation" to prove she was disabled within the meaning of the Social Security Act.

[Doc. 18 at 30].

Plaintiff argues the above equates to "Young's credibility [being] reduced based on the ALJ's comparison of those statements to the amorphous, incorrect standard of 'debilitating functional limitations.'" Therefore, plaintiff argues that under ***Johnson v.***

5

*Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005), the ALJ's position is based on an incorrect legal standard. This Court disagrees.

As already explained by the magistrate judge, these statements were based on the ALJ's evaluation of plaintiff's *credibility,* which did not require any showing that she suffered from "debilitating functional limitations." As found by Magistrate Judge Trumble, "the ALJ did not once state that plaintiff was required to show, as a matter of law, that she was suffering from debilitating functional limitations in order to show that she was disabled" [Doc. 18 at 30]. Rather, the ALJ's terminology was the product of the plaintiff's own subjective complaints. Accordingly, the ALJ correctly applied the law.

Next, plaintiff asserts the ALJ did not explain how Young's activities of daily living equated to the ability to sustain "medium" work. Young claims that the R&R attempts to equate "debilitating functional limitations" to "mostly sitting around all day." In turn, plaintiff equates the same as the R&R finding Young not credible "because she showed activity that was, essentially, not consistent with a person who was 'weak or feeble.'" [Doc. 19 at 2]. The ALJ properly considered all the evidence in the record in making her credibility assessment. Again, the ALJ used the plaintiff's own subjective complaints and terminology with these regards and then explained all the reasons in the record why plaintiff's physical limitations were not debilitating. The R&R adequately describes the various lifestyle evidence and other evidence of record which belies the plaintiff's subjective complaints. The same does not bear repeating here.

Next, plaintiff argues that the ALJ failed to indicate how additional severe impairments impacted Young's functional limitations. Plaintiff highlights that the ALJ actually found more severe impairments than the DDS evaluators, including osteoarthritis

of the left knee and hip, mild degenerative joint disease of the left hip, and mild pulmonary restrictive disease. Nevertheless, with the additions, the ALJ's RFC "essentially restates the RFC formulated by the DDS." [Doc. 19 at 4].

Here, substantial opinion evidence supported the ALJ's determination of the plaintiff's RFC. 20 C.F.R. § 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." Id. This includes determinations about whether a claimant is disabled or unable to work. Id. The regulation goes on to state that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." Id. In conclusion, 20 C.F.R. § 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." Id.

20 C.F.R. § 416.927 indicates that taking into consideration all of the evidence available to her and using that evidence to formulate an opinion about the plaintiff's RFC is precisely what the ALJ is tasked with doing. Additionally, 20 C.F.R. § 404.1527(c)(3) states that the more medical evidence there is to support a medical opinion, the more weight it will be given. Indeed, as stated above, the supportability of the findings is an expressly named consideration when evaluating opinion evidence. 20 C.F.R. § 416.927(c).

"An ALJ need not credit one of the medical opinions in order to support a decision; rather what the ALJ must consider is the evidence of record, which may contain medical

opinions." **Lafferty v. Colvin**, 2017 WL 836917 (N.D. W.Va. 2017). Therefore, the amount of weight given to each source by the ALJ was permissible and supported by law.

According to 20 C.F.R. § 404.1529(c)(3), it is appropriate for an ALJ to consider things such as plaintiff's current or past treatment; and any medication including the dosage, effectiveness, and side effects of that medication. Furthermore, treatment that the ALJ deems conservative is an adequate basis for contradicting medical opinion evidence suggesting otherwise. **Dunn v. Colvin**, 607 F.App'x. 264, 273 (4th Cir. 2015). Finally, the ALJ is entitled to a "zone of choice within which the decision makers can go either way, without interference from the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. *Id*." (quoting **Clarke v. Bowen**, 843 F.2d 271, 272-73 (8th Cir. 1988)).

The standard that a reviewing court will look for simply requires an indication that the ALJ considered the entire record and, unless the reviewing court can find evidence to the contrary, this indication will be affirmed. In other words, if the ALJ states that she considered the entire record in reaching her decision, and the reviewing court cannot find anything to suggest that the ALJ did not consider the entire record in reaching her decision, the fact that the ALJ considered the entire record–i.e. all of the evidence, both agreeable and conflicting–will be taken as true. Whether evidence to the contrary exists is a matter for the reviewing court, not for the ALJ to simply declare unchecked. This Court has conducted *de novo* review of this objectionable portion of the magistrate judge's R&R.

The standard applied by the magistrate judge in his R&R is the correct standard. "Judicial review of a final decision regarding disability benefits under the Social Security Act

. . . is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." **Hays**, 907 F.2d at 1456. The standard requires a determination of whether the decision reached by the ALJ is supported by substantial evidence found in the record. Implicit in this standard is that evidence conflicting with the ALJ's decision must not outweigh evidence supportive of the ALJ's decision. Should this Court determine that an excessive amount of conflicting evidence exists in the record that the ALJ did not sufficiently address in her opinion, "evidence to the contrary" exists, and this Court cannot accept the ALJ's contention that she considered the entire record. As such, the ALJ's findings will be upheld if supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. See **Milburn**, 138 F.3d at 528; **Hays**, 907 F.2d at 1456. This Court's function is to examine the ALJ's decision and determine whether substantial evidence exists in the record to support the same. An ALJ need only "provide a minimal level of analysis that enables [a] reviewing court[] to track the ALJ's reasoning." **McIntire v. Colvin**, 2015 WL 401007 (N.D. W.Va. 2015). Therefore, if an ALJ states that the "whole record was considered, . . . absent evidence to the contrary, we take her at her word." **Reid**, 769 F.3d at 865.

The ALJ begins her discussion of her findings of fact and conclusions of law by asserting that she gave all the evidence "careful consideration." [Doc. 7-2 at 21]. She again iterates that she considered the entirety of the record in making her RFC findings. (Id. at 25).

As noted by the standard, the ALJ need not comment on every piece of evidence

presented. Upon review of the record, this Court finds that the magistrate judge properly found that the ALJ considered all of the relevant evidence when she determined that the plaintiff has severe impairments.

As explained herein, this Court is concerned with whether the ALJ's finding that the plaintiff was not disabled as defined by the Social Security Act is supported by substantial evidence and was reached based upon a correct application of the relevant law. **Meyer v. Astrue**, 662 F.3d 700, 704 (4th Cir. 2011) (citing **Craig v. Chater**, 76 F.3d 585, 589 (4th Cir. 1996)). The "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Sec'y of Labor v. Mutual Mining, Inc.**, 80 F.3d 110, 113 (4th Cir. 1996) (quoting **Consolo v. Fed. Mar. Comm'n**, 383 U.S. 607, 620 (1996)). As such, the fact that evidence exists that contradicts the ALJ's ultimate finding is not fatal if "evidence that a reasonable mind might accept as adequate to support a conclusion" exists to support the ultimate finding. See **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). For the reasons stated above, this Court finds that substantial evidence does exist to support the ALJ's findings.

Finally, the plaintiff argues summarily that "the magistrate [judge] and defendant do not save the ALJ's error by relying on the post-hoc rationalization that no treating source provided a medical opinion." [Doc. 19 at 4]. This objection is wholly lacking in any substance and is **OVERRULED**.

B.     Off-task time

Plaintiff asserts the ALJ's limitations do not account for her "off-task" time. This objection is vague, poses hypothetical questions, and makes assumptions. The objection is overruled. Relying on **Mascio v. Colvin**, 780 F.3d 632 (4th Cir. 2015), plaintiff contends that the ALJ did not account for her off-task time [Doc. 19 at 5-6]. In **Mascio**, the hypothetical "said nothing about Mascio's mental limitations," and the RFC finding limited the claimant to merely "unskilled work." 780 F.3d at 637-38. In this case, the hypothetical and RFC finding limited plaintiff to simple, routine tasks and the ALJ specified that that these tasks must be performed in a low-stress job with only occasional work setting changes, no strict production quotas, and only occasional interaction [Doc. 7-2]. Thus, the ALJ's RFC finding addressed the ability to stay on task – as opposed to just the ability to perform simple tasks – by restricting plaintiff to only occasional work setting changes (changes can be a distraction) and no strict production quotas (quotas tolerate very minimal concentration, persistence, or pace deficits). Contrary to **Mascio** where the ALJ "ignor[ed] (without explanation)" the claimant's ability to stay on task, the ALJ here specifically addressed plaintiff's ability to stay on task after full consideration of the evidence relating to plaintiff's concentration. See, e.g., **Baker v. Colvin**, 2016 WL 3581859, at *3 (E.D. Va. June 7, 2106) ("Numerous district courts have held that an [RFC] limiting an individual to work in a non-production oriented environment properly addresses an individual's ability to stay on task."); **Linares v. Colvin**, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) ("The ALJ accounted for Plaintiff's limitation in pace by restricting her to 'nonproduction pace,' and he accounted for her limitation in concentration and persistence by restricting her to a stable work environment with only occasional public contact."); **Rayman v.**

*Comm'r, Soc. Sec. Admin.*, 2015 WL 6870053, at *3 (D. Md. Nov. 6, 2015) ("While limitation to unskilled work alone is insufficient under *Mascio*, here the ALJ included other limitations that clearly account for Mr. Rayman's moderate limitation in concentration, persistence, or pace. Specifically, the limitation to an environment with few changes and no production quotas assures that Mr. Rayman is not required to produce any particular volume of work-product and is not distracted or required to adapt to changes in the workplace."). This objection is **OVERRULED**.

### C. "Concentrated"

In her final objection, the plaintiff takes exception to the ALJ's use of the word "concentrated." Specifically, the ALJ, in making her RFC finding, stated that the plaintiff "must avoid concentrated exposure to extreme cold, extreme heat, . . .." [Doc. 7-2 at 26].

The R&R correctly found that the vocational expert's testimony that a limitation to concentrated exposure to extreme heat did not preclude her from performing a hospital food service worker job (DICOT 319.677-014) [Doc. 18 at 42-43]. According to the DOT, a hospital food service worker "[p]repares and delivers food trays to hospital patients," and may involve activities including putting food and utensils on trays, serving trays to patients, and collecting and washing dirty dishes. 1991 WL 672771. The DOT states that the job may involve occasional (very little to 1/3 of the day) exposure to extreme heat, but as the vocational expert testified, this job is not precluded by someone who must avoid concentrated exposure.

Although the Commissioner defines certain time periods by using words such as "occasional, frequent, or constant," see SSR 83-10, after reviewing a sampling of

12

approximately one hundred ALJ decisions, this Court has learned that the term "concentrated" is actually the preferred term when referring to exposure to heat. In fact, the Physical Residual Functional Capacity Assessment Form SSA-4734, Section F – Environmental Limitations – specifically categorizes the levels of exposure as "unlimited," "concentrated exposure," "moderate exposure," and "all exposure." Additionally, the reports in this case all used the term "concentrated exposure."

As found by Magistrate Judge Trumble, concentrated exposure means more than occasional exposure [Doc. 18 at 43]. Magistrate Judge Trumble explained that the DOT confirms that activities involving any type of heat are minimal and certainly do not involve concentrated exposure to extreme heat. (Id.). Magistrate Judge Trumble concluded, "[b]ecause working as a hospital food-service worker would only occasionally expose plaintiff to extreme heat, plaintiff is capable of performing the 'other job' proposed by the vocational expert despite the limitations set forth in plaintiff's RFC." (Id.). Additionally, plaintiff continued to work after her alleged disability onset date as a dishwasher and cook – jobs that involve more heat than someone who serves food and collects dishes – without any complaints in the record regarding heat exposure.

In reviewing the ALJ's decision and the entirety of the administrative record, it is apparent to this Court that the ALJ was successful in ensuring that her opinion was thorough and well-founded in the plaintiff's medical history. The ALJ provided continual support for her findings with citations to the evidence of record. Review of the record indicates that the ALJ's decision is, in fact, supported by substantial evidence that a reasonable mind would accept as adequate to support her ultimate conclusion. The ALJ was not required to mention each specific piece of evidence contained in the record, and

there is nothing to suggest that the ALJ did not actually consider the entirety of the record. For all of the foregoing reasons, this Court finds that the ALJ's decision is supported by substantial evidence, and the plaintiff's objections are **OVERRULED**.

## IV. CONCLUSION

Upon careful consideration of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Further, the plaintiff's Objections **[Doc. 19]** are **OVERRULED**.  Thus, the defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**, and the plaintiff's Motion for Summary Judgment **[Doc. 10]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court.  The Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: December 13, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE